77,638-09

NKRUMAH LUMUMBA VALIER
TDCJ-ID # 1546714
Dalhart Unit
11950 FM 998
Dalhart, Texas 79022

December 5, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 09 2015

Abel Acosta, Clerk

TO: Abel Acosta, Clerk
Court OF Criminal APPEALS
P.O. Box 12308, Capitol Station
Austin, Texas 78711

CC: Chris Daniel
Harris County District Clerk
P.O. Box 4651
Houston, Texas 77210-4651

RE: Filing Writ OF Mandamus in cause no. 1030025-B
NKrumah Lumumba Valier v. The STATE OF TEXAS
In the 184th District Court OF Harris County, Texas

Dear Clerk:

Please Find enclosed and File the Relator's Application For Writ OF Mandamus with attached exhibit "A" and exhibit "B" Motion For Order To Transfer Cause no. 1150625 Back To The 184th District Court For New Trial Pursuant To Brady Rule Violation And Violation OF Article 38.23 (a), Supported by Newly Discovered Evidence.

Thank you For any and all assistance in this matter.

Respectfully,
Mr. Nkrumah Lumumba Valier

CAUSE NO. 1030025-B

NKRUMAH LUMUMBA VALIER       IN THE 184th JUDICIAL
TDCJ-NO. 1546714
          RELATOR               DISTRICT COURT OF

                                 HARRIS COUNTY, TEXAS
V.


CHRIS DANIEL COUNTY DISTRICT CLERK:
IN HIS OFFICIAL CAPACITY,
          RESPONDENT


A. PLANTIFF'S ORIGINAL APPLICATION FOR WRIT OF
   MANDAMUS
_____

TO THE HONORABLE JUDGE OF SAID COURT:
          COMES NOW, NKrumah Lumumba Valier, Relator,
pro se in the above-styled and numbered cause of action and
Files this Original Application For Writ of Mandamus, pursuant
to Article 11.07 Section 3(c) of the Texas Code of Criminal
Procedure, and would show the Court the Following:
                              I.

B. RELATOR

1.01  NKrumah Lumumba Valier, TDCJ-No. 1546714 is an offender
      in the Texas Department of Criminal Justice and appearing
      pro se, who can be located at Dalhart Unit 11950 FM 998
      Dalhart, Texas 79022 Hartley County, Texas.

1.02  Relator has exhausted his remidies and has no other
      adequate remedy at law.

1.03  The act sought to be compelled is ministerial, not discretionary
      in nature. TRCP Art. 11.07 Section 3(c) requires Respondent
      to immediate transmit to the Court of Criminal Appeal's

a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made, if the Convicting Court decides that there are no issues to be resolved. No copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which the finding was made have been transmitted to the Court of Criminal Appeals. Had such documents been transmitted to the Court of Criminal Appeals by Respondent as required by statue, Relator would have recieved notice from Court of Criminal Appeals.

## II.

## C. RESPONDENT

2.01 Respondent Chris Daniel, in his capacity as District Clerk of Harris County, Texas has a ministerial duty to recieve and file all papers in a criminal proceeding, and peform all other duties imposed on the clerk by law pursuant to TCCP Art. 2.21, and is responsible under TCCP 11.07 Section 3(c) to immediately transmit to the Court of Criminal Appeals a copy of the application for writ of habeas, any answers filed, and a certificate reciting the date upon which that finding was made if the convicting court decides that there are no issues to be resolved. Chris Daniel, District Clerk, Harris County be served at his place of buisness at P.O. Box 4651 Houston, Texas 77210-4651.

## III.

## D. VIOLATION OF ARTICLE 11.07 OF THE CODE OF CRIMINAL Procedure

3.01 The Respondent violated Article 11.07 Section 3(c) of the Texas Code of Criminal Procedure by failing to provide a copy of the application for writ of habeas corpus, any answers filed and a certificate reciting the date upon which that

Finding was made to the Court OF Criminal Appeals within a reasonable time From the date on which the documents were requested to be transmitted.

3.02 Requests for the transmittal OF the application For writ OF habeas corpus any answers Filed, to Chris Daniel, District Clerk, Harris County by letter date 12-29-14; pursuant to Article 11.07 Section 3(c) of the Code OF Criminal Procedure. True and accurate copies of the above letter are attached hereto as Exhibit "A" and are incorporated by reference herein For all purposes.

3.03 To date, Relator has recieved no response From Respondent regarding Relator's request For transmittal OF a copy OF the application For writ OF habeas corpus, any answers Filed, and a certificate reciting the date upon which that Finding was made to the Court OF Criminal Appeals.

3.04 As clear From Relator's letter, Relator has repeatedly put Respondent on notice that Relator seeks the transmittal OF a copy OF the application For writ OF habeas corpus, any answers Filed, and certificate reciting the date upon which that Finding was made to the Court OF Criminal Appeals and such records are required by the Court OF Criminal Appeals to act on Relator's writ OF habeas corpus. Relator has gone well beyond any requirment or obligations imposed upon him by the Texas Code OF Criminal Procedure, Article 11.07 Section 3(c), is acting in bad Faith, and has also Failed to aFFord Relator the professinal and common courtesy OF any writen response to his correspondence and requests.

3.05 Article 11.07 Section 3(c) clearly states that if the convicting court decides that there are no such issues, the clerk shall immediately transmit [emphasis added] to the Court OF Criminal Appeals a copy OF the application, any answers Filed, and a certificate reciting the date upon which that Finding was made. Failure oF the court to act within allowed 20 days shall constitute such Finding". Texas Code OF Criminal Procedure Article 11.07

Section 3(c). Respondent is in violation of this procedure, ministerial duties, and thus the laws of this state.

## IV.

### D. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED Relator, NKrumah Lumumba Valier, pro se respectfully requests a finding that the Respondent did not transmit documents to the Court of Criminal Appeals within a reasonable time after the date they were requested and that Relator brought litigation in good faith and has substantially prevailed. Relator prays for an ORDER directing Respondent to transmit copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals as directed in Article 11.07 Section 3(c) of the Texas Code of Criminal Procedure as requested in Relator's letter (Exhibit "A").

Respectfully submitted,

By: NKrumah Lumumba Valier
RELATOR

### E. INMATE'S DECLATION

I, NKrumah Lumumba Valier, TDCJ-No.1546714, Relator, pro se being presently at the Dalhart Unit 11950 FM 998 Dalhart, Texas 79022 declare under penalty of perjury that the facts and allegations in the above APPLICATION FOR WRIT OF MANDAMUS are true and correct.

NKrumah Lumumba Valier
RELATOR

SIGNED on this the 5th day of January, 2015.

### F. CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above Application for Writ of Mandamus was served on Chris Daniel Harris County District Clerk P.O. Box 4651 Houston

Texas 77210-4651 and Court OF Criminal Appeals P.O. Box 12308, Capitol Station Austin, Texas 78711 on this the 5th day of January, 2015.

Respectfully submitted,

Nkrumah Lumumba Valier

Nkrumah Lumumba Valier
RELATOR, Pro Se
TDCJ-No. 1546714
Dalhart Unit
11950 FM 998
Dalhart, Texas 79022

CAUSE No. 1030025-B

NKRUMAH LUMUMBA VALIER          IN THE 184th JUDICIAL
TDCJ-ID 1546714                DISTRICT COURT OF
            RELATOR

v.                             HARRIS COUNTY, TEXAS

CHRIS DANIEL, DISTRICT CLERK:
IN HIS OFFICIAL CAPACITY
            RESPONDENT

                    ORDER

        On this day, came on to be heard the foregoing
Relator's Application For Writ OF Mandamus and it appears
to the Court that the same should be:

_____ GRANTED

        IT IS THEREFOR ORDERED THAT the District
Clerk shall immediately transmit to the Court OF Criminal
Appeals a OF the Application For Writ OF Habeas Corpus, any
answers filed, and a certificate reciting the date upon which
that transmittal was made.

        SIGNED on this the ____ day of _____, 2015.


                        _____
                        PRESIDING JUDGE

Mr. NKRUMAH LUMUMBA VALIER
TDCJ-NO. 1546714
Dalhart Unit
11950 FM 998
Dalhart, Texas 79022

December 29, 2014

To: Chris Daniel
    Harris County District Clerk
    P.O. Box 4651
    Houston, Texas 77210-4651

cc: Court Of Criminal Appeals
    P.O. Box 12308, Capitol Station
    Austin, Texas 78711

Re: NKrumah Lumumba Valier v. The State Of Texas
    Writ Cause no. 1030025-B

Dear Chris Daniel:

On December 22, 2014 the Court Of Criminal Appeals notified me by letter that my Writ Of Habeas Corpus Cause no. 1030025-B has not been transmitted to the Court Of Criminal Appeals. TCCP Art. 11.07 Section 3(c) requires Respondent to immediate transmit to the Court Of Criminal Appeals a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made, if the convicting court decides that there are no issues to be resolved. Please Forward my application to the Court Of Criminal Appeals for review of claims presented for relief.

And please find inclosed and file Applicant's Request To Withdraw Plea of Guilt Due To Newly Discovered Evidence Establised Brady Rule Violation And Violation Of ARTICLE 38.23(a).

Please bring to the attention of the Court For ruling in this matter and please notify me in writing of all rulings of the Court.

Thank you For any and all assistance in this matter.

Respectfully
Mr. NKrumah Lumumba Valier

# CAUSE NO. 1030025-B

NKRUMAH LUMUMBA VALIER,
    Applicant.

v.

THE STATE OF TEXAS

IN THE 184th DISTRICT COURT

OF

HARRIS COUNTY, TEXAS

## APPLICANT'S REQUEST TO WITHDRAW PLEA OF GUILT DUE TO NEWLY DISCOVERED EVIDENCE ESTABLISHED BRADY VIOLATION AND VIOLATION OF ARTICLE 38.23 (a), Pursuant To Rule 11(d)(2)(B).

---

TO THE HONORABLE JUDGE OF SAID COURT

    COMES NOW, Nkrumah Lumumba Valier, Applicant, pro se TDCJ-No.1546714 in the above-styled and numbered cause of action and Files this Applicant's Request To Withdraw Plea of Guilt Due To Newly Discovered Evidence Established Brady Violation And Violation Of Article 38.23 (a), and would show the Court the Following:

### I.
### Newly Discovered Evidence

    The Newly Discovered Evidence to support the legal and Factual basis For this claim was not made available to the Applicant until March 19, 2014. Assistant Attorney General Melissa Hargis established in Civil Action Number H-13-3257 on pages 11-12 in the Respondent Stephen's Motion For Summary Judgment with Brief in Support that Judge Jan Krocker is the trial Judge in cause no. 1150625.

    That Failure to disclose that case prior to the plea agreement in cause no. 1030025 on 9-11-06 prejudice the Applicant as well as effected the outcome in Furtherance of the proceedings. And when the State and the appointed counsel James Leitner Failed to disclose that information to the Applicant by with holding From the transcript and record it prejudiced the outcome of the appeal of writ cause no. 1030025-A

aswell as writ cause no.1150625-B and C. The Applicant was unconstitutionally deprived of the relief he is entitled to under the Due Process Clause of the Fourteenth Amendment that provides: No person shall make or enforce any law which shall abridge the privileges or immunities of a citizen of the United States; nor shall any state deprive any person within it's jurisdiction the equal protection of the laws. U.S. Const. XIV § 1.

The Applicant is entitled to withdraw his plea of guilt and a new trial based on the government's violation of Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct.1194, 10 L.Ed.2d (1963), which requires the government in a criminal prosecution must to disclose to an accused all favorable material evidence. Whether a Brady violation occurred is a two part inquiry. First, the prosecution must have failed to disclose "evidence favorable to an accused" that is relevent either to guilt or punishment. Also see Strickler v. Greene, 527 U.S. 263, 119 S.Ct. 1936, 1948, 144 L.ED 2d 286 (1999).

## II.

## Violation Of Art. 38.23 (a)

During the proceedings in Judge Jan Krocker 184th the State used "DNA evidence in violation of the law", under Art.38.23 (a) in cause no. 1150625.

The evidence came in the testimony of Officer Keith McMurtry in direct examination by prosecutor Craig Still: Q. So the rape kit was sent to be processed. About what date was that or what month and what year? A. lets see. It was July 2005. Q. Was there anything fruitful that happened after the rape kit was sent in? A. Yes, Sir. Q. What was that? A. I learned the identity of the donor of the forensic evidence in the rape kit. Q. Which would be? A. The Defendant in this case. Q. Whats his name? A. Nkrumah Valier. (RR vol.4, pg. 113 at 8/20).

Record clearly establish that Judge Jan Krocker did not issue a Court Order in "July 2005" to obtain the Applicant's DNA

2

For testing in cause no. 1150625 or any rape Kits being ran against the Applicant after his arrest in cause no. 1030025 on June 11, 2005. And nothing in record show the Applicant gave consent nor volunteered to give a DNA sample in July 2005 to be used for testing of cause no. 1150625 or any rape Kits that was ran against him, that was in the possession of Dr. Lura Ghan the Director of Identigene DNA Lab and now the Supervisor of the Houston Police Department Biological Crime Lab.

Thus violating Article 38.23 (a) Evidence Not To Be Used. (a) No evidence obtained by an officer or person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America shall be admitted in evidence against the accussed on trial of any criminal case. See <u>State v. Daugherty</u>, 931 S.W. 2d 268, 270 (Tex. Crim. App 1996). The opinion of Judge Clinton in the Court of Criminal Appeals held: "We essentially called up in this case cause to decide what Article 38.23 (a) means by "evidence obtained in violation of the law". In our view this language brooks no invetible discovery doctrine; evidence actually "obtained in violation of the law" must be excluded whether or not it might later have been "obtained" lawfully."

This violation of the Applicant's rights under the Due Process Clause of the Fourteenth Amendment resulted in the unconstitutional prosecution and involuntary plea of guilt in cause no. 1030025. Then the unconstitutional prosecution and conviction in cause no. 1150625 and sentence of 40 years with "DNA evidence obtained in violation of the law".

If not for the Brady rule violation the out come would have been diffrent in both cases cause no. 1030025 and cause no. 1150625. Because had the State dislosed this evidence to the Applicant during the proceedings of cause no. 1030025 the Applicant would have Filed a "Motion To Suppress DNA Evidence". Without DNA evidence the State would not been able to convict the Applicant in cause no. 1150625 because DNA was the only evidence used to obtain the conviction

23

and sentence of 40 years in prison and a $10.000 Fine. And if appointed attorney James Leitner disclose to his client that the State had prosecuted and convicted Paul Whighams for the aggravated sexual assault of Vernessa Carla Sylvester a prostitute. The Applicant would not have allowed the State prosecuted to unconstitutionally coerce him by threat to enter a plea of guilt to a crime he was innocent of.

The Applicant has proved by a preponderance of the evidence, but for a violation of the United States Constitution no rational jusor could have found the Applicant guilty beyond a reasonable doubt.

## PRAYER

WHEREFORE PREMISES CONSIDERED, the Applicant prays that the Court GRANT Applicant's Request To Withdraw Plea Of Guilt Due To Newly Discovered Evidence Established Brady Violation And Violation Of Article 38.23 (a). Have cause no. 1150625 re-opened and transfered back to your Court for hearing on the Newly Discovered Evidence exhibits "A", "B" and "C" that established the Applicant's Actual Innocence and the State's use of false evidence to obtain conviction.

Respectfully submitted on 29th day of December, 2014.

Nkrumah Lumumba Valier

## Inmate's Declaration

I, Nkrumah Lumumba Valier, TDCJ-No. 1546714, Applicant Pro Se being presently incarcerated at the Dalhart Unit at 11950 FM 998 Dalhart Texas 79022. Hartley County, declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 29th day of December, 2014.

Nkrumah Lumumba Valier

4

## Certificate OF Service

I, Nkrumah Lumumba Valier, TDCJ-No. #1546714, Applicant pro se here by declare a clear and correct copy OF Applicant's Request To Withdraw Plea OF Guilt Due To Newly Discovered Evidence Established Brady Violation And Violation OF Article 38.23 (a) has been served on Chris Daniel Harris County District Clerk P.O. Box 4651 Houston Texas 77210-4651 on the 29th day of December, 2014.

Respectfully Submitted,

Nkrumah Lumumba Valier

Nkrumah Lumumba Valier
TDCJ-No. 1546714
Applicant, Pro se
Dalhart Unit
11950 FM 998
Dalhart, Texas 79022

5

CAUSE NO. 1030025-B

NSKRUMAH LUMUMBA VALIER,
Applicant.

v.

THE STATE OF TEXAS

IN THE 184th DISTRICT COURT
OF

HARRIS COUNTY, TEXAS

## ORDER

On this the _____ day of _____ 20____, came to be heard Applicant's Request To Withdraw Plea OF Guilt Due To Newly Discovered Evidence Established Brady Violation And Violation OF Article 38.23 (a), and it appears this Court that SHOULD be GRANTED and it is so ORDERED.

_____
JUDGE PRESIDING

6

CAUSE Nos. 1030025-B and 1150625

ASKRUMAH LUMUMBA VALIER,     IN THE 184th JUDICIAL
TDCJ-ID #1546714
          Applicant                DISTRICT COURT OF

V.

THE STATE OF TEXAS          HARRIS COUNTY, TEXAS


MOTIONS FOR ORDER TO TRANSFER CAUSENO.
1150625 BACK TO THE 184th DISTRICT
COURT FOR NEW TRIAL PURSUANT TO BRADY
RULE VIOLATION AND VIOLATION OF ARTICLE
38.23 (a), Supported BY NEWLY DISCOVERED EVIDENCE.

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ASKrumah Lumumba Valier, Applicant, TDCJ-No. 1546714, prose in the above-styled and numbered cause of action and files this Motion For Order To Transfer Cause No. 1150625 Back To The 184th District Court For New Trial Pursuant To Brady Violation And Violation Of Article 38.23 (a), Supported By Newly Discovered Evidence, and would show the Court the Following:

I.

Newly Discovered Evidence

The Newly Discovered evidence to support this Motion was not made available to the Applicant until March 19, 2014 by Assistant Attorney General Melissa Hargis in Civil Action No. H-13-3257 on pages 11-12 of the Respondent Stephen's Motion For Summary Judgment with Brief In Support. The Assistant Attorney General Melissa Hargis clearly established that Judge Jan Krocker in the 184th District Court was the trial Judge in Cause no. 1150625. Thus the Errors occurred during the proceedings in cause no. 1030025 between June 11, 2005

1

to September 11, 2006. Warranting that these Errors need to be resolved by Judge Jan Krocker in the 184th District Court to correct this miscarriage of justice that resulted in the present unconstitutional incarceration of the Applicant sentence to 40 years in prison.

## II.

### Brady Rule Violation

The Applicant is entitled to a new trial based on Government's violation of <u>Brady v. Maryland</u>, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L. Ed. 2d (1963). which requires the government in a criminal prosecution to disclose to an accussed all favorable material evidence. Whether a Brady violation occurred is a two part inquiry. First, the prosecution must have failed to disclose "evidence favorable to an accussed" that is relevent to guilt or punishment.

The State's Failure to disclose the evidence of a DNA match in cause no. 1150625 in July 2005, giving the State the identity of the the Applicant rendered the plea of guilt involuntary. Because had the Applicant Known of cause no. 1150625 prior to plea agreement he would have requested it be dismissed within cause no. 1030025 on September 11, 2006 or refused the plea agreement and request a trial in cause no. 1030025, 1150625 and any pending cases being heard by Judge Jan Krocker in the 184th District Court.

The Applicant was deprived of his United States Of America Constitutional Right under the Due Process Clause Of the Fourteenth Amendment due to the State Failure to disclose cause no. 1150625 and the "DNA evidence obtained in violation of the law" in July 2005 prior to entering the plea agreement in cause no. 1030025 on September 11, 2006. The Applicant was misled by the appointed Counsel and the State prosecutor that his DNA and line ups cleared him of all 25 sexual assaults ran against him and that there was no more cases of that nature pending against him clearing him of any further investigations of sexual assault. And the two counts would be dismissed within the plea agreement. This was

2

the information related to the Applicant by his appointed counsel and the State prosecutor to obtain the plea of guilt from the Applicant in cause no. 1030025 on September 11, 2006. This intentional ineffective assistance of appointed counsel and intentional prosecutor misconduct caused the Applicant harm depriving him of his liberty and freedom. The agreement was for 2 years but the punishment was increased to 40 years and a $10,000 fine due to the appointed counsel's failure to disclose cause no. 1150625 to his client and the State's failure to disclose the evidence linking the Applicant to cause no. 1150625. Evidence show that the State knew supported by testimony in cause no. 1150625 by Officer Keith McMurtry in direct examination by State prosecutor Craig Still: Q. So the rape kit was sent to be processed. About what date was that or what month and what year? A. Lets see. It was July 2005. Q. Was there anything fruitful that happened after the kit was sent in? A. Yes, sir. Q. What was that? A. I learned the identity of the donor of the forensic evidence in that kit. Q. Which would be? A. The Defendant in this case. Q. Whats his name? A. Nkrumah Valier. (RR vol.4, pg.113 at 8/20).

## III.

## Violation Of Article 38.23 (a).

Record will support that Judge Jan Krocker in the 184th District Court did NOT issue any Court ORDER in July 2005 to obtain a sample of the Applicant's DNA for testing in cause no.1150625 or any rape kit. Nor did the Applicant give consent in July 2005 to have his DNA sample taken to test against any rape kit, nor did the Applicant have knowledge that his DNA was taken while incarcerated in Harris County Jail on cause no. 1030025 in July 2005. Thus, the State "obtained evidence in violation of the law", to incriminate the Applicant in cause no. 1030025, cause no. 1150625 and any other case that tested positive ran against the Applicant. This violated the Applicant's United States of America Constitutional Right under the Fourth Amendment and his rights under the Due Process Clause of the Fourteenth Amendment.

3

The State unconstitutionally obtained the convictions in cause no.1030025 and cause no.1150625 with the use of "DNA evidence in violation of the law", under Article 38.23(a) no evidence obtained by an officer or other person in violation of any provisions of the Constitutions or laws of the State of Texas, or of the Constitution or laws of the United States of America shall be admitted in evidence against the accused on trial of any criminal case. See State v. Daugherty, 931 S.W. 2d 268, 270 (Tex.Crim.App.1996).

The opinion of Judge Clinton in the Court of Criminal Appeals held: "We essentially called up in this case cause to decide what Article 38.23(a) means by "evidence obtained in violation of the law". In our view this language brooks no inevitable discovery doctrine; evidence actually "obtained in violation of the law" must be excluded whether or not it might later have been "obtained" lawfully".

## IV.
## Withdrawl of Plea of Guilt Jurisdiction And Standard of Review

We have jurisdiction to review a district court's denial of Rule 11 Motion to withdraw a guilty plea pursuant to 28 U.S.C.A. § 1291. United States v. Nostratis, 321 F.3d 1206, 1207 (9th Cir.2003). We review for an abuse of discretion the district court's denial of such motion. United States v. Ortega-Ascanio, 376 F.3d 879,883 (9th Cir. 2004). "A district Court abuses it's descretion when it rests it's decision on an inaccurate view of law". United States v. Garcia, 401 F.3d 1008, 1011 (9th Cir. 2005).

The Applicant has demonstrated a fair and just reason for withdrawl of Plea of guilt in cause no.1030025 because the Newly Discovered evidence provided by Assistant Attorney General Melissa Hargis on March 19, 2014 established the failure to disclose that Jan Krocker in the 184th District Court was the trial Judge in cause no.1150625, the failure to disclose cause no.1150625 prior to entering the plea ~~the~~ ~~was~~ of guilt in cause no.1030025 and the State's violation

4

OF Brady v. Maryland. 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed. 2d (1963). As well as the violation of Article 38.23(a), that deprived the Applicant his United States OF America Constitutional Rights. The reason to withdraw the plea OF guilt did not exist when the Applicant entered his plea, because he had no knowledge due to the State prosecutor misconduct outside the indictment, and through out the court proceedings in cause no. 1030025. Had Judge Jan Krocker granted the "Motion To Dismiss Appointed Counsel" by the request of the Applicant, the proceedings would have been different. The Applicant would not had to enter the involuntary plea OF guilt in cause no. 1030025 on September 11, 2005. And he would not be in prison sentenced to 40 years in cause no. 1150625.

## Prayer For Relief

WHEREFORE, PREMISES CONSIDERED, the Application Nkrumah Lumumba Valier, pro se respectfully request that this Honorable Court GRANT Motion For Order To Transfer Cause No. 1150625 Back To The 184th District Court For New Trial Pursuant To Brady Rule Violation And Violation OF Article 38.23 (a), Supported By Newly Discovered Evidence.

Respectfully submitted,
Nkrumah Lumumba Valier

## Inmate's Declaration

I, Nkrumah Lumumba Valier, TDCJ-No. 1546714, Applicant, pro se being presently at the Dalhart Unit 11950 FM 998 Dalhart, Texas, 79022 declare under penalty of perjury that the foregoing is true and correct.

Nkrumah Lumumba Valier
Applicant, Pro Se

SIGNED on this the 5th day of January, 2015.

5

## Certificate OF Service

I, hereby certify that a true copy OF the above instrument was served on Chris Daniel Harris County District Clerk P.O. Box 4651 Houston, Texas 77210-4651 and Abel Acosta, Clerk Court OF Criminal Appeals P.O. Box 12308, Capitol Station, Austin, Texas 78711 on this the 5th day OF January, 2015.

Respectfully submitted,

N'Krumah Lumumba Valier

N'Krumah Lumumba Valier
TDCJ-No. 1546714
Applicant, Pro se
Dalhart Unit
11950 FM 998
Dalhart, Texas 79022

CAUSE Nos. 1030025-B And 1150625

ASKRUMAH LUMUMBA VALIER                    INS THE 184th JUDICIAL
TDCJ-No. 1546714,                          DISTRTCT COURT OF
       Applicant
                                           HARRIS COUNTY, TEXAS
V.

THE STATE OF TEXAS


                    ORDER

       On this day, came to be heard the foregoing
Applicant's Motion For Order To Transfer Cause.no.1150625
Back To To The 184th District Court For New Trial
Pursuant To Brady Violation And Violation OF Article 38.23
(a). Supported by Newly Discovered Evidence and it appears
to the Court that the same should be:

_____ GRANTED

S I GNED on this the _____ day of _____, 2015.



       _____
                    PRESIDING JUDGE



7